THE STATE OF OHIO, APPELLEE, *v.* BUSTOS, APPELLANT.

(No. 40322—Decided March 22, 1967.)

*Mr. Harry A. Sargeant, Jr.*, prosecuting attorney, *Mr. John T. Stahl* and *Mr. Thomas B. Stahl*, for appellee.
*Mr. Alfred J. Cooper*, for appellant.

*Per Curiam.*   Defendant contends that he was denied due process of law by the Court of Appeals, and that the court abused its judicial discretion.

On February 15, 1965, the state filed its notice of appeal, transcript and original papers in the Court of Appeals. Nothing further was done by the state, and on November 4, 1965, in response to defendant's motion to dismiss for want of prosecution and failure to comply with the rules of court, the Court of Appeals dismissed the appeal at appellant's cost.

On November 12, a motion for reconsideration and leave to file an assignment of errors and brief was filed by the state. This motion was denied on November 15.

On November 16, by telephone conversation with a judge of the Court of Appeals, an attorney, Stahl, who was in no way connected with the prosecuting attorney's office but had represented the complaining witness in this matter civilly, tendered an oral motion that he be appointed to serve as special assistant prosecuting attorney with regard to this matter. Defendant's counsel declined to approve the entry.

On November 30, the court appointed Stahl to serve as special assistant prosecuting attorney in the prosecution of the appeal and vacated its entry of November 15, with leave to Stahl to be heard on application for reconsideration of the dismissal of the cause for want of prosecution.

On December 15, the court vacated its order of dismissal for want of prosecution and granted the state's motion for leave to file a bill of exceptions, brief and assignment of errors instanter, which were filed in the Court of Appeals on January 13, 1966.

The case was argued on February 21, 1966, and, on March 9, the Court of Appeals reversed the judgment of the Court of Common Pleas, affirmed the judgment of the trial court and remanded the cause to the latter court for execution of the sentence.

Almost 11 months elapsed from the filing of the notice of appeal to the filing of appellant's brief and assignment of errors. From the time notice of appeal was filed until November 12, no request was made for an extension of time within which to file a brief and assignment of errors. Section 2953.04, Revised Code, provides that "the brief of the appellant shall be filed with the transcript and shall contain the assignments of error relied on in such appeal."

The action of court in vacating its order of dismissal for want of prosecution, in appointing a special assistant prosecutor and in permitting such appointee to file an assignment of errors and brief constituted an abuse of discretion on the part of the court.

The judgment of the Court of Appeals is reversed.

*Judgment reversed.*

Taft, C. J., Zimmerman, Matthias, O'Neill, Herbert, Schneider and Brown, JJ., concur.